# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50049 | **DATE** | MAR 2 5 2003 |
| **CASE TITLE** | United States ex rel. Guadalupe Rodriguez (IDOC #R10896) v. Edwin R. Bowen, warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the petition for habeas corpus is summarily dismissed without prejudice for failure to exhaust state-court remedies, terminating case. Petitioner's motion for appointment of counsel [4-1] is denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | MAR 2 7 2003 | |
| KS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Petitioner Guadalupe Rodriguez filed this habeas corpus petition on February 3, 2003, challenging multiple convictions for criminal sexual assault entered on February 14, 2002, in the Fifteenth Judicial Circuit Court for Jo Daviess County, Illinois. It appeared from the petition and exhibits that petitioner had filed a motion in the Illinois Appellate Court, Second District, that the Appellate Court had understood as a motion to dismiss petitioner's pending direct appeal of his conviction, and that petitioner had filed a "Petition For Rehearing" dated December 9, 2002, attempting to reinstate the appeal.

In an order dated March 12, 2003, the court directed the respondent to inform the court whether petitioner's appeal had been reinstated. On March 21, 2003, respondent informed the court that petitioner's appeal has been reinstated and is presently pending.

As stated in the court's prior order, a federal court may not grant a petition for habeas corpus brought by a person in custody pursuant to a state-court judgment unless the petitioner has exhausted any remedies that may be available in the state courts. 28 U.S.C. § 2254(b)(1),(c). Further, a petitioner's failure to present a constitutional claim to the highest state court to which it may be appealed, *in the manner required by state law*, results in a procedural default that may prevent a federal court from deciding it. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Except in a very unusual case, this requirement would not be satisfied if a petitioner bypassed trial and appellate courts and attempted to put his claims directly before the Illinois Supreme Court. *See Castille v. Peoples*, 489 U.S. 346 (1989). Unless petitioner follows established state procedures, he may forfeit any right to present his claims in federal court.

This petition is accordingly dismissed without prejudice for failure to exhaust state remedies. Petitioner may file a new petition after the state courts have addressed his claims. Petitioner's motion for appointment of counsel is denied as moot.