# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50049 | **DATE** | APR 2 5 2003 |
| **CASE TITLE** | United States ex rel. Guadalupe Rodriguez (IDOC #R10896) v. Edwin R. Bowen, warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, petitioner's motion for stay and for emergency injunction/mandamus [11-1] is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | APR 25 2003 | |
| | | | date mailed notice | |
| KS | courtroom deputy's initials | U.S. DISTRICT COURT | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

03 APR 25 AM 8:49

FILED-WD

# MEMORANDUM OPINION AND ORDER

Petitioner Guadalupe Rodriguez filed this habeas corpus petition on February 3, 2003, challenging multiple convictions for criminal sexual assault entered on February 14, 2002. It was unclear whether petitioner's direct appeal from his conviction had been reinstated by the Illinois Appellate Court. On March 21, 2003, respondent informed the court that petitioner's appeal had been reinstated and is pending. This court accordingly dismissed the petition without prejudice on March 25, 2003, for failure to exhaust state-court remedies. Petitioner has filed a motion seeking a stay of proceedings and injunctive and mandamus relief. The motion is denied.

There is no reason to reinstate the case and stay proceedings, as the one-year federal habeas corpus limitation period will begin to run only after direct review of petitioner's conviction has ended. See 28 U.S.C. § 2244(d).

This court cannot compel the Illinois Appellate Court to accept petitioner's pro se brief for three reasons. First, this is a habeas corpus proceeding challenging unlawful confinement, not a civil suit to enforce the federal Constitution against state officials. The purpose of a habeas corpus proceeding is to compel the state to justify its custody of a prisoner when the prisoner claims his custody violates the United States Constitution or federal law. A habeas corpus proceeding may not be used to assert federal or constitutional claims unrelated to the lawfulness of custody.

Second, the Clerk of the Appellate Court is not a party to this action and this court lacks personal jurisdiction over him or her. Third, federal district courts do not have supervisory power over the state courts. Although federal courts can enjoin state officials from depriving persons of their rights under the Constitution, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), prevents federal courts from interfering with ongoing state criminal proceedings except under very extraordinary circumstances.

Petitioner also asks the court to order respondent, Warden Bowen, to give him access to his legal papers and typewriter. Although Warden Bowen is a party, this is a habeas corpus proceeding, and petitioner's access to his papers and typewriter has nothing to do with the lawfulness of his custody. Although the court would have inherent power to restrain persons interfering with petitioner's access to the court *in this matter,* there will be no further proceedings in this case until petitioner's appeal is completed.

State officials are required by the Constitution to give prisoners a reasonable opportunity to present their claims to state and federal courts. That does not require a typewriter. If petitioner believes that he is being prevented from preparing and filing materials in another court, he should first attempt to bring the matter to the attention of the judge or judges in that case.

If petitioner believes the interference with his access to the courts amounts to a constitutional violation, he may file a separate civil suit in federal court under 42 U.S.C. § 1983 against those persons responsible. If petitioner chooses to file a federal suit, it should be filed in the federal judicial district where petitioner is incarcerated and petitioner will be required to pay the filing fee in the same manner as in other federal suits brought by prisoners.